**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Sandra Kay Nichlos, Debtor**                    **Case No. 26-50664-KMS**
                                                                                          **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr., U.S. Courthouse, 2012 15th Street, Suite 244, Gulfport, MS 39501, on or before June 3, 2026. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on June 16, 2026, at 01:30 PM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: April 24, 2026                              /s/ Thomas C. Rollins, Jr.
                                                              *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

MSSB-113 (12/17)

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Sandra Kay Nichlos** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

---

| Part 1: | Notices |
|---|---|

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$1,787.00**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct.**

_____

_____

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor   **Sandra Kay Nichlos**           Case number

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3      Income tax returns/refunds.**

*Check all that apply*

☑      Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐      Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐      Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1      Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐      **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**      **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑      1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**      Mtg pmts to      **Ocwen Loan Servic**

Beginning    **5/2026**          @      **$1,167.67** ☑ Plan    ☐ Direct.      Includes escrow ☑ Yes ☐ No

**1**      Mtg arrears to    **Ocwen Loan Servic**      Through      **4/2026**          **$11,923.73**

**3.1(b)** ☐      **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property    **-NONE-**

          address:

Mtg pmts to

Beginning    month          @          Plan      Direct.      Includes escrow   Yes   No

Property **-NONE-** Mtg arrears to          Through

**3.1(c)** ☐      **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:    **-NONE-**        Approx. amt. due:          Int. Rate*:

Property Address:

Principal Balance to be paid with interest at the rate above:

(as stated in Part 2 of the Mortgage Proof of Claim Attachment)

Portion of claim to be paid without interest: $

(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $      **-NONE-** /month, beginning    month .

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor    **Sandra Kay Nichlos** _____     Case number _____

(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**     **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑     Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Cadence Bank** | **$7,088.00** | **2017 Kia Sorento 131642 miles** | **$6,907.00** | **$6,907.00** | **8.50%** |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Foundation Finance Co** | **$41,819.00** | **Roof** | **$1,000.00** | **$1,000.00** | **8.50%** |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3**     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑     **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**     **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☐     **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

Debtor   **Sandra Kay Nichlos**            Case number

☑      The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan unless the creditor files an objection on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). Debtor(s) hereby move(s) the court to find the amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor | Property subject to lien | Lien amount to be avoided | Secured amount remaining | Type of lien | Lien identification (county, court, judgment date, date of lien recording, county, court, book and page number) |
|---|---|---|---|---|---|
| Cadence Bk | 20 Tarra Lane Purvis, MS 39475 Lamar County | $6,840.92 | $0.00 | Judgment Lien | Lamar County 25-0533 |
| Cadence Bk | 20 Tarra Lane Purvis, MS 39475 Lamar County | $29,716.60 | $0.00 | Judgment Lien | Lamar County 25-562 |

*Insert additional claims as needed.*

**3.5**      **Surrender of collateral.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1**      **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**      **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**      **Attorney's fees.**

☑ No look fee:    **4,600.00**

Total attorney fee charged:      $**4,600.00**

Attorney fee previously paid:      $**272.00**

Attorney fee to be paid in plan per confirmation order:      $**4,328.00**

☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑      **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5**      **Domestic support obligations.**

☑      **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor     **Sandra Kay Nichlos**                                    Case number

Part 5:     **Treatment of Nonpriority Unsecured Claims**

**5.1**      **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐      The sum of $

☑      **0.00** % of the total amount of these claims, an estimated payment of $ **0.00**

☐      The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00** Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**      **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑      **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

Part 6:     **Executory Contracts and Unexpired Leases**

**6.1**      **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Part 7:     **Vesting of Property of the Estate**

**7.1**      **Property of the estate will vest in the debtor(s) upon entry of discharge.**

Part 8:     **Nonstandard Plan Provisions**

**8.1**      **Check "None" or List Nonstandard Plan Provisions**

☑      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Part 9:     **Signatures:**

**9.1**      **Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X   **/s/ Sandra Kay Nichlos**                              X

　　**Sandra Kay Nichlos**                                    Signature of Debtor 2
　　Signature of Debtor 1

　　Executed on     **April 22, 2026**                      Executed on

　　**20 Tarra Lane**
　　Address                                                  Address
　　**Purvis MS 39475-0000**
　　City, State, and Zip Code                                City, State, and Zip Code

　　Telephone Number                                         Telephone Number

X   **/s/ Thomas C. Rollins, Jr.**                        Date   **April 22, 2026**
　　**Thomas C. Rollins, Jr. 103469**
　　Signature of Attorney for Debtor(s)
　　**P.O. Box 13767**
　　**Jackson, MS 39236**
　　Address, City, State, and Zip Code

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

Debtor  **Sandra Kay Nichlos**                                    Case number  _____

    **601-500-5533**                                    **103469 MS**
Telephone Number                                    MS Bar Number
**trollins@therollinsfirm.com**
Email Address

Software Copyright (c) 1996-2026  Best Case, LLC - www.bestcase.com

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

Cadence Bank
c/o CEO/President
Mississippi Plaza
201 South Spring Street
Tupelo, Mississippi 38804

Foundation Finance Company LLC
c/o Corporation Service Company
109 Executive Drive, Suite 3
Madison, MS 39110

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: April 24, 2026              /s/ Thomas C. Rollins, Jr.
                                  *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

SANDRA KAY NICHLOS

CASE NO: 26-50664-KMS

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

On 4/24/2026, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/24/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. 103469

The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

SANDRA KAY NICHLOS

CASE NO: 26-50664-KMS

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 4/24/2026, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/24/2026

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CERTIFIED 9589071052703506510346

CADENCE BANK
CO CEOPRESIDENT MISSISSIPPI PLAZA
201 SOUTH SPRING STREET
TUPELO MS 38804

EXCLUDE

US BANKRUPTCY COURT
DAN M RUSSELL  JR US COURTHOUSE
2012 15TH STREET  SUITE 244
GULFPORT  MS 39501-2036

CADENCE BK
POB 3370
TUPELO  MS 38803-3370

CREDENCE RESOURCE MNG
ATTN BANKRUPTCY
PO BOX 2300
SOUTHGATE  MI 48195-4300

LVNV FUNDING LLC
ATTN BANKRUPTCY
PO BOX 1269
GREENVILLE  SC 29602-1269

SMITH  ROUCHON  ASSOC
SRA
1456 ELLIS AVE
JACKSON  MS 39204-2204

EXCLUDE

(P)DAVID RAWLINGS
ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE
PO BOX 566
HATTIESBURG MS 39403-0566

FIRST CLASS

FOUNDATION FINANCE COMPANY LLC
CO CORPORATION SERVICE CO
109 EXECUTIVE DR STE 3
MADISON MS 39110

BMO HARRIS BANK
ATTN BANKRUPTCY
111 W MONROE ST
CHICAGO  IL 60603-4095

CAPITAL ONE
ATTN BANKRUPTCY
PO BOX 30285
SALT LAKE CITY  UT 84130-0285

(P)FOUNDATION FINANCE COMPANY
7802 MEADOW ROCK DRIVE
WESTON WI 54476-5262

MCCALLA RAYMER LEIBERT
251 TRACE COLONY PARK
STE A
RIDGELAND  MS 39157-8857

SYNCHRONY BANK
ATTN BANKRUPTCY
PO BOX 965060
ORLANDO  FL 32896-5060

DEBTOR

SANDRA KAY NICHLOS
20 TARRA LANE
PURVIS  MS 39475-5825

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 26-50664-KMS
SOUTHERN DISTRICT OF MISSISSIPPI
FRI APR 24 11-26-7 PST 2026

CADENCE BANK
ATTN BANKRUPTCY
2800 POST OAK BLVD
STE 3800
HOUSTON  TX 77056-6170

CHASE CARD SERVICES
ATTN BANKRUPTCY
PO BOX 15299
WILMINGTON  DE 19850-5299

HILLEN  WICKER  TAPSC
PO DRAWER 409
TUPELO  MS 38802-0409

OCWEN LOAN SERVIC
ATTN BANKRUPTCY
1661 WORTHINGTON RD
SUITE 100
WEST PALM BEACH  FL 33409-6493

EXCLUDE

UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

EXCLUDE

THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767